**Fill in this information to identify your case:**

United States Bankruptcy Court for the:

DISTRICT OF DELAWARE

Case number *(if known)* _____

Chapter you are filing under:

☐ Chapter 7

■ Chapter 11

☐ Chapter 12

☐ Chapter 13

☐ Check if this an amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy

12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).
For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | Debtor's name | **Houston 14 Apartments, LLC** |
| 2. | All other names debtor used in the last 8 years <br><br> Include any assumed names, trade names and *doing business as* names | |
| 3. | Debtor's federal Employer Identification Number (EIN) | 38-3907563 |

4. Debtor's address

| Principal place of business | Mailing address, if different from principal place of business |
|---|---|
| c/o Development Specialists, Inc.<br>333 S. Grand Ave., Suite 4070<br>Los Angeles, CA 90071-1544<br>Number, Street, City, State & ZIP Code | _____<br>P.O. Box, Number, Street, City, State & ZIP Code |
| **Los Angeles**<br>County | Location of principal assets, if different from principal place of business<br>_____<br>Number, Street, City, State & ZIP Code |

5. Debtor's website (URL) _____

6. Type of debtor

■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))

☐ Partnership

☐ Other. Specify: _____

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53AB))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☑ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80a-3)

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor.
See http://www.naics.com/search/.

_____

**8. Under which chapter of the Bankruptcy Code is the Debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☑ Chapter 11. *Check all that apply:*

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every three years after that).

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operation, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☑ No.

☐ Yes.

| | | | | | |
|---|---|---|---|---|---|
| District | _____ | When | _____ | Case number | _____ |
| District | _____ | When | _____ | Case number | _____ |

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list

☐ No

☑ Yes.

| | | | | | |
|---|---|---|---|---|---|
| Debtor | **See Rider 1 Attached hereto** | | | Relationship to you | **Affiliate** |
| District | **Delaware** | When | | Case number, if known | |

**11. Why is the case filed in this district?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

■ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No

☐ Yes. Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.

What is the hazard? _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other _____

**Where is the property?** _____
Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No

☐ Yes. Insurance agency _____

Contact name _____

Phone _____

---

■ **Statistical and administrative information**

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

■ 1-49 ☐ 50-99 ☐ 100-199 ☐ 200-999
☐ 1,000-5,000 ☐ 5001-10,000 ☐ 10,001-25,000
☐ 25,001-50,000 ☐ 50,001-100,000 ☐ More than100,000

**15. Estimated Assets**

☐ $0 - $50,000 ☐ $50,001 - $100,000 ☐ $100,001 - $500,000 ☐ $500,001 - $1 million
☐ $1,000,001 - $10 million ■ $10,000,001 - $50 million ☐ $50,000,001 - $100 million ☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion ☐ $1,000,000,001 - $10 billion ☐ $10,000,000,001 - $50 billion ☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000 ☐ $50,001 - $100,000 ☐ $100,001 - $500,000 ☐ $500,001 - $1 million
☐ $1,000,001 - $10 million ■ $10,000,001 - $50 million ☐ $50,000,001 - $100 million ☐ $100,000,001 - $500 million
☐ $500,000,001 - $1 billion ☐ $1,000,000,001 - $10 billion ☐ $10,000,000,001 - $50 billion ☐ More than $50 billion

**Request for Relief, Declaration, and Signature**

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| | |
|---|---|
| **17. Declaration and signature of authorized representative of debtor** | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
| | I have been authorized to file this petition on behalf of the debtor. |
| | I have examined the information in this petition and have a reasonable belief that the information is trued and correct. |
| | I declare under penalty of perjury that the foregoing is true and correct. |

Executed on ____1 / 12 / 16____
            MM / DD / YYYY

X _____        **Bradley D. Sharp**
Signature of authorized representative of debtor     Printed name

Title    **Chief Restructuring Officer**

---

**18. Signature of attorney**    X _____     Date __1 / 12 / 16__
                          Signature of attorney for debtor               MM / DD / YYYY

                          **Peter J. Keane**
                          Printed name

                          **Pachulski Stang Ziehl & Jones LLP**
                          Firm name

                          **919 North Market Street**
                          **17th Floor**
                          **Wilmington, DE 19801**
                          Number, Street, City, State & ZIP Code

                          Contact phone    **302-652-4100**      Email address    pkeane@pszjlaw.com

                          **5503  DE**
                          Bar number and State

**Rider 1 to Voluntary Petition**

On August 28, 2014, Variant Holding Company, LLC, an affiliate of the entities listed below filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code, and is being administered under Case No. 14-12021 (BLS) (the "Lead Debtor").

On the date hereof, each of the affiliated entities listed below, including the debtor in this chapter 11 case (collectively, the "Debtors"), filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code.  Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting an order authorizing joint administration of the cases with the Lead Debtor for administrative purposes only.

10301 Vista Apartments, LLC
10400 Sandpiper Apartments, LLC
11911 Park Texas Apartments, LLC
1201 Oaks of Brittany Apartments, LLC
12500 Plaza Apartments, LLC
13875 Cranbrook Forest Apartments, LLC
17103 Pine Forest Apartments, LLC
201 Ashton Oaks Apartments, LLC
3504 Mesa Ridge Apartments, LLC
4101 Pointe Apartments, LLC
5900 Crystal Springs Apartments, LLC
667 Maxey Village Apartments, LLC
7170 Las Palmas Apartments, LLC
7600 Royal Oaks Apartments, LLC
Broadmoor Apartments, LLC
Chesapeake Apartments, LLC
FX3 Apartments Investors, LLC
Holly Ridge Apartments, LLC
Holly Tree Apartments, LLC
Houston 14 Apartments, LLC
Houston 2 Apartments, LLC
Laser Focus Commercial Investments, LLC
Laser Focus Holding Company, LLC
Majestic Heights Apartments, LLC
Numeric Commercial Investments, LLC
Pines of Westbury, Ltd.
Preston Valley Apartments, LLC
Ravenwood Hills Apartments, LLC
River Road Terrace Apartments, LLC
Royal Numeric FX Investments, LLC
Sandridge Apartments, LLC
Sonterra Apartments, LLC
The Oaks at Stonecrest Apartments, LLC
Toscana Villas Apartments, LLC

**Houston 14 Apartments, LLC**

**Action by Sole Member**

**December 11, 2015**

The undersigned, being the sole member (the "Member") of Houston 14 Apartments, LLC, a Delaware limited liability company (the "Company"), hereby consents to and approves the adoption of the following resolutions without a meeting, in accordance with the Company's limited liability company agreement, as amended (the "LLC Agreement") and the Limited Liability Company Act of the State of Delaware, as amended (the "Act"):

**A.     Chapter 11 bankruptcy**

WHEREAS, the Member has considered the circumstances of the Company's business and its assets and outstanding liabilities, and determined that a restructuring is necessary in order to maximize returns for all of the Company's stakeholders;

NOW, THEREFORE, BE IT RESOLVED, that in the judgment of the Member, it is desirable and in the best interests of the Company, its creditors, and other interested parties that a petition be filed by the Company the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"); and

RESOLVED FURTHER, that the Chief Restructuring Officer of the Company, established and appointed by action of the Member taken herewith, is hereby authorized, empowered and directed on behalf and in the name of the Company to execute, verify and file all petitions, schedules, lists, and other papers or documents, and to take and perform any and all further actions and steps that the Chief Restructuring Officer deems necessary, desirable and proper in connection with the commencement of the Company's chapter 11 case (the "Chapter 11 Case").

**B.     Chief Restructuring Officer**

WHEREAS, the Member has the power and authority under the LLC Agreement and the Act to appoint employees and agents and to define their duties and establish their compensation; and

WHEREAS, it is desirable and in the best interests of the Company, its creditors, and other interested parties that the Company be appropriately managed and operated during the pendency of the Chapter 11 Case and that the Chapter 11 Case be effectively and efficiently administered;

NOW, THEREFORE, BE IT RESOLVED, that the Member hereby establishes the office of Chief Restructuring Officer, which shall report to, and be subject to oversight by, the Board of Managers of Variant Holding Company, LLC (the "Parent Board"); and

RESOLVED FURTHER, that subject to the Bankruptcy Code, otherwise applicable law, and the LLC Agreement, and to Parent Board Oversight (as defined below), the Chief Restructuring Officer shall have all of the right, power and authority of the Member to manage and direct the business and affairs of the Company and to do any and all acts on behalf and in the name of the Company that are necessary or convenient to or in furtherance of any decisions within the scope of his authority and any and all actions that are related or incidental to the accomplishment of such actions, all without the consent of any other Person, including but not limited to the following: (i) the determination and implementation of an overall strategy in the Chapter 11 Case; (ii) the direction and administration of the Chapter 11 Case and the hiring and direction of the Company's professionals in connection therewith, (iii) the operation and management of the Company at all times during the pendency of the Chapter 11 Case, (iv) the development and adoption of any plan of restructuring or plan of liquidation for the Company, (v) the day-to-day responsibilities of the Company at all times during the pendency of the Chapter 11 Case; (vi) any process to market and sell the Company's assets; (vii) the borrowing of funds from, and provision of guaranties to, and the undertaking of related financing transactions, including the use of cash collateral, with such lenders and on such terms as may be reasonably necessary for the continuing conduct of the affairs of the Company and the paying of related fees and granting of security interests in and liens upon some, all or substantially all of the Company's assets, as may be deemed necessary by the Chief Restructuring Officer in connection with such borrowings; (viii) making any other decisions or performing any other such acts consistent with operating the Company in the Chapter 11 Case and prosecuting the Chapter 11 Case to a successful conclusion; (ix) any and all action necessary or convenient to or in furtherance of any of the foregoing; and (x) any and all actions related or incidental to the accomplishment of any of the foregoing, in each case without the consent of any other person or entity; and

RESOLVED FURTHER, that the Chief Restructuring Officer shall report to the Parent Board from time to time regarding the Chapter 11 Case and his activities on behalf of the Company; *provided, however*, that no approval by the Parent Board shall be required for the validity of any action or decision taken by the Chief Restructuring Officer within the scope of his authority under these resolutions, and *provided, further*, the Chief Restructuring Officer shall not take any action that is either inconsistent with any direction issued by the Parent Board or that may not be taken by the Member in accordance with the LLC Agreement and the Act; and

RESOLVED FURTHER, that the Member hereby authorizes the Parent Board to exercise all of the power, authority, rights and privileges of the Member necessary or appropriate to (i) review the progress of the Chapter 11 Case and exercise such oversight and supervision of the Chief Restructuring Officer as it may consider appropriate; (ii) interview, hire, determine the compensation of, cause the Company to make payments to, remove and terminate the Chief Restructuring Officer, and appoint a new Chief Restructuring Officer, (iii) issue directions to the Chief Restructuring Officer, and (iv) take any and all actions that are related or incidental to the accomplishment of such actions (the "Parent Board Oversight"); and

RESOLVED FURTHER, that, as an Officer of the Company, the Chief Restructuring Officer shall have, in addition to the rights, powers, and privileges otherwise expressly provided for or granted under these resolutions, the power and authority to act in the name or on behalf of the Company as its authorized agent and representative under the title of "Chief Restructuring

Officer" and, in such capacity, the Chief Restructuring Officer shall have, subject to the Bankruptcy Code and the non-waivable provisions of other applicable laws and the oversight of the Board of Managers, the general duties of supervision and management of the day to day operations of the Company customarily vested in the chief executive officer or chief restructuring officer of a Delaware limited liability company; and

RESOLVED FURTHER, that in addition to the rights, powers, and privileges otherwise expressly provided for or granted under these resolutions, and subject to the Bankruptcy Code and the non-waivable provisions of other applicable laws and the oversight of the Parent Board, the Chief Restructuring Officer, acting alone, shall have the power and authority to (i) sign, execute, deliver, acknowledge, and/or file, on behalf and in the name of the Company, all checks, drafts, demands for money, promissory notes, deeds, mortgages, bonds, stock certificates, contracts, leases, reports and all other documents or instruments he may deem necessary or proper to be executed in the course of the Company's regular business and to authorize any other person as agent of the Company to sign, execute, deliver, acknowledge, and/or file such documents or instruments in his place and stead, (ii) ratify or confirm the execution or delivery of any check, draft, demand for money, promissory note, deed, mortgage, bond, stock certificate, contract, lease, report or other document or instrument signed in the name of and on the Company's behalf and any such documents or instruments so signed, executed, delivered, acknowledged, filed, ratified and/or confirmed, of any type or nature, shall be binding on the Company; (iii) open and maintain bank and investment accounts and arrangements and designate individuals with authority to sign or give instructions with respect to those accounts and arrangements, (iv) designate from time to time the deposit or use of any funds of the Company not otherwise employed, (v) manage, conserve, protect, operate, and maintain property of the Company, including where appropriate causing a direct or indirect subsidiary of the Company to commence a bankruptcy filing, (vi) collect sums due to the Company, (vii) subject to any required Bankruptcy Court approval, distribute, or cause or permit to be distributed, any operating income or proceeds from any sale of any property in accordance with the provisions of these resolutions; (viii) to the extent that funds of the Company are available therefor, pay debts and obligations of the Company; (ix) select, remove, and change the authority and responsibility of lawyers, accountants, and other advisers and consultants; (x) institute, prosecute and defend any proceeding in the Company's name; (xi) sell, convey, mortgage, pledge, lease, exchange and otherwise dispose of any property of the Company; (xii) appoint, engage or hire officers, agents or contractors of the Company, define their duties, and establish their compensation, provided that any officers of the Company shall remain subject to the oversight of the Chief Restructuring Officer; (xiii) purchase liability and other insurance to protect the Company's property and business; and (xiv) file with the Secretary of State any annual reporting required under the Act.

RESOLVED FURTHER, that the Chief Restructuring Officer may certify and authenticate records of the Company to third parties, and any third party dealing with the Company, the Chief Restructuring Officer, or the Member may rely upon a certificate signed by the Chief Restructuring Officer as to (i) the identity of the Chief Restructuring Officer and the Member; (ii) the existence or non-existence of any fact or facts that constitute a condition precedent to acts by the Chief Restructuring Officer or the Member or are in any other manner germane to the affairs of the Company; (iii) the persons that are authorized to execute and deliver any instrument or document of or on behalf of the Company; or (iv) any act or failure to act by

the Company or as to any other matter whatsoever involving the Company, the Member, or the Chief Restructuring Officer; and

RESOLVED FURTHER, that any shares or other securities issued by any other corporation or limited liability company and owned or controlled by the Company may be voted at any meeting of security holders of such other corporation by the Chief Restructuring Officer or by proxy appointed by him, and any proxy or consent with respect to any such shares or other securities shall be executed in the name of the Company by the Chief Restructuring Officer, without necessity of any authorization by the Parent Board or the Member. Any person or persons designated in the manner above stated as the proxy or proxies of the Company shall have full right, power and authority to vote the shares or other securities issued by such other corporation or limited liability company owned by the Company the same as such shares or other securities might be voted by the Company; and

RESOLVED FURTHER, that the Member hereby designates and appoints Bradley D. Sharp as the initial Chief Restructuring Officer, who shall serve until his death, resignation or removal and who shall be entitled to resign at any time; *provided, however*, in the event of a resignation, the Chief Restructuring Officer shall render to the Board of Managers a full and complete accounting of monies and assets of the Company received, disbursed, and held during his term of office. The resignation shall be effective on the later of (i) the date specified in the notice delivered to the Bankruptcy Court or (ii) the date that is thirty days (30) after the date such notice is delivered.

## C.    Other professionals

WHEREAS, the Company will require the services of legal, financial, restructuring, and other professionals during the Chapter 11 Case;

NOW, THEREFORE, BE IT RESOLVED, that the Chief Restructuring Officer is hereby authorized, empowered and directed on behalf and in the name of the Company to retain the services of Development Specialists, Inc. ("DSI") to provide personnel to assist the Company with its financial reporting and other requirements in the Chapter 11 Case, and in connection therewith, the Chief Restructuring Officer is hereby authorized, empowered and directed on behalf and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate motion for authority to retain the services of DSI; and

RESOLVED FURTHER, that that the Chief Restructuring Officer is hereby authorized, empowered and directed on behalf and in the name of the Company to retain the law firm of Pachulski Stang Ziehl & Jones LLP ("PSZ&J") as bankruptcy counsel to represent and assist the Company in carrying out its duties under chapter 11 of the Bankruptcy Code, and to take any and all actions to advance the Company's rights in connection therewith, and the Chief Restructuring Officer is hereby authorized, empowered and directed on behalf and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to and immediately upon the filing of the Chapter 11 Case, and to cause to be filed an appropriate application for authority to retain the services of PSZ&J; and

RESOLVED FURTHER, that the Chief Restructuring Officer is hereby authorized, empowered and directed on behalf and in the name of the Company to employ any other professionals necessary to assist the Company in carrying out its duties under the Bankruptcy Code; and in connection therewith, the Chief Restructuring Officer is hereby authorized, empowered and directed on behalf and in the name of the Company to execute appropriate retention agreements, pay appropriate retainers prior to or immediately upon the filing of the Chapter 11 Case and cause to be filed appropriate applications with the Bankruptcy Court for authority to retain the services of any other professionals, as necessary, and on such terms as are deemed necessary, desirable and proper.

## D.    Debtor-in-possession financing

WHEREAS, it is in the best interests of the Company, its creditors, and other interested parties to obtain debtor-in-possession financing in furtherance of the Chapter 11 Case;

NOW, THEREFORE, BE IT RESOLVED, that the Chief Restructuring Officer is hereby authorized, empowered and directed on behalf and in the name of the Company to obtain post-petition financing according to terms which may be negotiated by the management of the Company, including under debtor-in-possession credit facilities or the use of cash collateral; and to enter into any guaranties and to pledge and grant liens on its assets as may be contemplated by or required under the terms of such post-petition financing or cash collateral agreement; and in connection therewith, the Chief Restructuring Officer is hereby authorized, empowered and directed on behalf and in the name of the Company to execute appropriate loan agreements, cash collateral agreements and related ancillary documents.

## E.    Sale of assets/Chapter 11 plan

WHEREAS, it is in the best interests of the Company that the Company sell all or substantially all of its assets, and to cause the sale of all or substantially all of the assets of its subsidiaries, in a transaction subject to Section 363 of the Bankruptcy Code or pursuant to the terms of a chapter 11 plan (a "*Sale*"), and in such a transaction to achieve the maximum value for such assets for the benefit of the Company's creditors and other interested parties;

NOW, THEREFORE, BE IT RESOLVED, that the Chief Restructuring Officer is hereby authorized, empowered and directed on behalf of and in the name of the Company to seek the highest and best value for the assets of the Company, including (a) marketing the Company, its business and its assets, (b) identifying appropriate third party purchasers, strategic and financial, (c) negotiating the terms and conditions of, and entering into one or more appropriate letters of intent, term sheets, or purchase and sale agreements in respect of the assets of the Company or a chapter 11 plan, (d) obtaining any orders, consents or approvals of the Bankruptcy Court and other third parties necessary or appropriate to carry out the transactions contemplated by such agreements or documents, and (e) taking any other actions reasonably necessary in connection therewith.

**F.      Omnibus authority**

NOW, THEREFORE, BE IT RESOLVED, that the Chief Restructuring Officer is hereby authorized, empowered and directed on behalf and in the name of the Company to take any and all actions, to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all actions and steps deemed by the Chief Restructuring Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions and to effectuate a successful Chapter 11 Case; and

RESOLVED FURTHER, that any and all actions heretofore taken by the Chief Restructuring Officer on behalf and in the name of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all respects.

IN WITNESS WHEREOF, the undersigned Member of the Company has caused this consent to be executed as of the date first written above.

**SOLE MEMBER:**

Laser Focus Commercial Investments, LLC

By:    Laser Focus Holding Company, LLC
Its:    Managing Member

       By:    Variant Holding Company, LLC
       Its:    Managing Member

       Bradley D. Sharp
       Chief Restructuring Officer

*SIGNATURE PAGE TO ACTION BY SOLE MEMBER OF*
*HOUSTON 14 APARTMENTS, LLC*

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HOUSTON 14 APARTMENTS, LLC[1] | ) | Case No. 15-_____(___) |
| Debtor. | ) | |
| | ) | (Joint Administration Requested) |

## CONSOLIDATED LIST OF CREDITORS HOLDING
## 20 LARGEST UNSECURED CLAIMS AGAINST H14 DEBTORS

On August 28, 2014, Variant Holding Company, LLC, an affiliate of the entities listed below filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code, and is being administered under Case No. 14-12021 (BLS) (the "Lead Debtor").

On the date hereof, the above-captioned debtor in this chapter 11 case and certain affiliated entities (collectively, the "Debtors"), filed a petition in this Court for relief under chapter 11 of title 11 of the United States Code. Contemporaneously with the filing of their petitions, the Debtors filed a motion requesting an order authorizing joint administration of the cases with the Lead Debtor for administrative purposes only.

Pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure, the following list provides information with respect to the holders of the twenty (20) largest unsecured claims against the Debtors on a consolidated basis among the Debtors within the H14 Portfolio (the "H14 Debtors").[2] The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101, (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the consolidated twenty (20) largest unsecured claims, or (3) holders of claims against the Lead Debtor.

The information contained herein shall not constitute an admission of liability by, nor is it binding on, the Debtors. The Debtors reserve all rights to assert that any debt or claim listed herein is a disputed claim or debt, and to challenge the priority, nature, amount, or status of any such claim or debt. In the event of any inconsistencies between the summaries set forth

---

[1] The last four digits of the Debtor's Federal Tax I.D. Number are (7563). The Debtor's mailing address is Variant Holding Company, LLC, c/o Development Specialists, Inc., 333 S. Grand Ave., Suite 4070, Los Angeles, CA 90071-1544.

[2] The "H14 Debtors" consist of the following Debtors: Laser Focus Holding Company, LLC, Laser Focus Commercial Investments, LLC, Houston 2 Apartments, LLC, Houston 14 Apartments, LLC, 12500 Plaza Apartments, LLC, 10400 Sandpiper Apartments, LLC; 10301 Vista Apartments, LLC; Pines of Westbury, Ltd; 201 Ashton Oaks Apartments, LLC; 13875 Cranbrook Forest Apartments, LLC; 5900 Crystal Springs Apartments, LLC; 7170 Las Palmas Apartments, LLC; 11911 Park Texas Apartments, LLC; 1201 Oaks of Brittany Apartments, LLC; 3504 Mesa Ridge Apartments, LLC; 667 Maxey Village Apartments, LLC; 17103 Pine Forest Apartments, LLC; 7600 Royal Oaks Apartments, LLC; and 4101 Pointe Apartments, LLC

below and the respective corporate and legal documents relating to such obligations, the descriptions in the corporate and legal documents shall control.

<table>
<tr><td colspan="2"><strong>Fill in this information to identify the case:</strong></td></tr>
</table>

Debtor name   HOUSTON 14 APARTMENTS, LLC

United States Bankruptcy Court for the:   District of Delaware
                                                          (State)

Case number (If known): _____

☐ Check if this is an
   amended filing

## Official Form 204

# Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an *insider*, as defined in 11 U.S.C. § 101(31).  Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim<br>If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 CFLane, LLC<br>303 Perimeter Center North, Suite 201<br>Atlanta, GA 30346 | CFLane, LLC<br>303 Perimeter Center North, Suite 201<br>Atlanta, GA 30346<br>Contact: Tricia Williams<br>Tel: (404)459-6330<br>Fax:  (404)459-6235<br>Email: twilliams@cflane.com | Professional Services | Disputed | | | $1,141,190.03 |
| 2 Greenberg Traurig, LLP<br>1840 Century Park East, Suite 1900.<br>Los Angeles, CA 90067-2121 | Greenberg Traurig, LLP<br>1840 Century Park East, Suite 1900.<br>Los Angeles, CA 90067-2121<br>Tel: (310) 586-7700<br>Fax:  (310)586-7800 | Professional Services | | | | $400,000.00 + |
| 3 Foundation Specialists Inc<br>5728 Teague Rd<br>Houston, TX 77041 | Foundation Specialists Inc<br>c/o Donato Minx Brown & Pool PC<br>3200 Southwest Freeway, Suite 2300<br>Houston, TX 77027<br>Tel: (713)690-5330<br>Fax:  (713)690-9220<br>Email: tony@foundationexperts.com | Trade Debt | Disputed | | | $273,441.50 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 4 | E.H.L. Construction and Painting 12927 Clarewood Dr. Houston, TX 77072 | E.H.L. Construction and Painting 12927 Clarewood Dr. Houston, TX 77072 Tel: (281) 293-0812 Fax: (281) 497-6319 Email: ehl_painting2009@hotmail.com | | | | | $259,164.16 |
| 5 | Conservice LLC 99 East 700 South Logan. UT 84321 | Conservice LLC 99 East 700 South Logan. UT 84321 Tel: (866) 947-7379 Fax: (435) 792-3303 Email: service@conservice.com | Trade Debt | | | | $230,837.95 |
| 6 | Gemstar Construction & Development, Inc. 21707 Inverness Forest Blvd. Houston, TX 77073 | Gemstar Construction & Development, Inc. 21707 Inverness Forest Blvd. Houston, TX 77073 Contact: Tel: (281) 821-1195 Fax: (281) 821-6824 Email: info@gemstarconstruction.com | Trade Debt | | | | $121,184.01 |
| 7 | Spartan Security Service 6689 W. Sam Houston Pkwy S. Suite 100 Houston, TX 77072 | Spartan Security Service 6689 W. Sam Houston Pkwy S. Suite 100 Houston, TX 77072 Contact: Pete Fernandez Tel: (281) 589-7370 Fax: (281) 589-9305 Email: pete.fernandez@securitybysparta n.com | Trade Debt | Disputed | | | $88,793.19 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 8 | JC Painting and Construction LLC 10511 Windsor Lane #107 Houston, TX 77031 | JC Painting and Construction LLC 10511 Windsor Lane #107 Houston, TX 77031 Tel: (281) 879-4848 Fax: (888) 351-0495 Email: jcpainting@gmail.com | Trade Debt | | | | $66,053.19 |
| 9 | CM Paint, Cleaning and More 2852 PATRICIA LN STE H GARLAND, TX 75041-2655 | CM Paint, Cleaning and More 2852 PATRICIA LN STE H GARLAND, TX 75041-2655 Tel: (832)378-3225 Fax:  (281)656-8739 Email: cmcompany2000@gmail.com | Trade Debt | | | | $43,042.97 |
| 10 | For Rent Media Solutions (For Rent Magazine, Inc.) 245 Interstate North Parkway, Suite 100 Atlanta, GA 30339 | For Rent Media Solutions (For Rent Magazine, Inc.) 245 Interstate North Parkway, Suite 100 Atlanta, GA 30339 Contact: Lauren Welkner Tel: (404) 886-2445 Email: laura.welkner@forrent.com | Trade Debt | | | | $41,885.66 |
| 11 | Marvin's Remodeling 1826 Westfork Dr. Katy, TX 77449 | Marvin's Remodeling 1826 Westfork Dr. Katy, TX 77449 Contact: Hugo Gonzalez Tel: (832)533-4798 Email: marvinsremo@gmail.com | Trade Debt | Disputed | | | $41,010.00 |
| 12 | Hire Priority 1800 St. James Place, Ste 208 Houston, TX 77056 | Hire Priority 1800 St. James Place, Ste 208 Houston, TX 77056 Tel: (713) 960-9906 Fax: (713) 960-9910 | Trade Debt | | | | $39,713.82 |

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|
| | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 13 Morrison & Head, LP 4210 Spicewood Springs Rd Ste 211, Austin, TX 78759 | Morrison & Head, LP 4210 Spicewood Springs Rd Ste 211, Austin, TX 78759 Contact: Tel: (512) 302-5800 Fax:  (512) 302-5801 | Professional Services | Contingent Unliquidated | | | $15,000.00 - $38,000.00 |
| 14 Hamilton-Steele Outdoor Accents 3415 Couch Street Houston, TX 77018 | Hamilton-Steele Outdoor Accents 3415 Couch Street Houston, TX 77018 Tel: (713) 533-9059 Fax: (713) 690-8935 Email: info@hamilton-steele.com | Trade Debt | | | | $36,521.33 |
| 15 Tino's Carpet Care 5647 Gatewood St. Houston, TX 77018 | Tino's Carpet Care 5647 Gatewood St. Houston, TX 77018 Tel: (713) 729-3332 Email: tinoscarpetservices@gmail.com | Trade Debt | | | | $33,786.68 |
| 16 Direct TV 2230 E Imperial Hwy., El Segundo, CA 90245 | Direct TV 2230 E Imperial Hwy., El Segundo, CA 90245 Tel: (310) 525-5000 Fax:  (310) 535-5225 Email: | Trade Debt | | | | $25,375.34 |
| 17 Gabion Real Estate 2313 Roosevelt Drive Suite C Arlington, TX 76016-5887 | Gabion Real Estate 2313 Roosevelt Drive Suite C Arlington, TX 76016-5887 Tel: (817)992-3216 Fax:  (214)484-6293 | Trade Debt | | | | $24,289.73 |
| 18 Quality Services Company 14010 S. Post Oak Rd. #1305 Houston, TX 77045 | Quality Services Company 14010 S. Post Oak Rd. #1305 Houston, TX 77045 Tel: (713) 434-5499 Email: quality_services@yahoo.com | Trade Debt | | | | $23,315.35 |

| | Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of the claim (for example, trade debts, bank loans, professional services, and | Indicate if claim is contingent, unliquidated, or disputed | Amount of unsecured claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 19 | S.F.A. Landscaping Company 12131 Barrett Brae Dr. Houston, TX 77072 | S.F.A. Landscaping Company 12131 Barrett Brae Dr. Houston, TX 77072 Contact:  Benigno m Apolonio Tel: (832) 630-7230 Email: sfalandscaping@yahoo.com | Trade Debt | | | | $23,200.00 |
| 20 | Hannah Plumbing PO Box 210 Crosby, TX 77532 | Hannah Plumbing PO Box 210 Crosby, TX 77532 Contact:  Jason Hannah Tel: (281) 328-4146 Fax: (221) 328-2743 Email: hannah.jason@rocketmail.com | Trade Debt | | | | $19,702.50 |

Fill in this information to identify the case:

Debtor name      **Houston 14 Apartments, LLC**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an
amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors     12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐   *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐   *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐   *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐   *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐   *Schedule H: Codebtors* (Official Form 206H)
☐   *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐   *Amended Schedule* _____
■   *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
☐   Other document that requires a declaration _____

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   1/12/16          x _____
                               Signature of individual signing on behalf of debtor

                               **Bradley D. Sharp**
                               Printed name

                               **Chief Restructuring Officer**
                               Position or relationship to debtor

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HOUSTON 14 APARTMENTS, LLC[1] | ) | Case No. 15-_____ (___) |
| Debtor. | ) | |
| | ) | (Joint Administration Requested) |

## LIST OF EQUITY HOLDERS

Pursuant to Rule 1007 of the Federal Rules of Bankruptcy Procedure, the following identifies all holders having a direct or indirect ownership interest, of the above-captioned debtor in possession (the "Debtor").

| Name and Last Known Address of Equity Interest Holder | Percentage of Interest | Type of Equity Interest |
|---|---|---|
| Laser Focus Commercial Investments, LLC<br>c/o Development Specialists, Inc.<br>333 S. Grand Avenue, Suite 4070<br>Los Angeles, CA 90071-1544 | 100% | Membership Interest |

---

[1] The last four digits of the Debtor's Federal Tax I.D. Number are (7563).  The Debtor's mailing address is Variant Holding Company, LLC, c/o Development Specialists, Inc., 333 S. Grand Ave., Suite 4070, Los Angeles, CA 90071-1544.

DOCS_LA:291763.5 89703/001

**Fill in this information to identify the case:**

Debtor name    **Houston 14 Apartments, LLC**

United States Bankruptcy Court for the:    DISTRICT OF DELAWARE

Case number (if known)

☐ Check if this is an amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ *Amended Schedule* _____
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■ Other document that requires a declaration    **LIST OF EQUITY HOLDERS**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    __1/12/16__    x __[signature]__

Signature of individual signing on behalf of debtor

**Bradley D. Sharp**
Printed name

**Chief Restructuring Officer**
Position or relationship to debtor

Official Form 202                    Declaration Under Penalty of Perjury for Non-Individual Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| HOUSTON 14 APARTMENTS, LLC[1] | ) | Case No. 15-_____(___) |
| Debtor. | ) | |
| | ) | (Joint Administration Requested) |

## **CERTIFICATION CONCERNING CREDITOR MATRIX**

Pursuant to Local Rule 1007-2 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware, the *Creditor Matrix* submitted herewith, formatted in portable document format, containing the list of creditors of each of the Debtors other than Variant Holding Company, LLC, is true and correct and consistent with the Debtors' books and records.

The information contained herein is based upon a review of the Debtors' books and records. However, no comprehensive legal and/or factual investigations have been completed with regard to any claims (or possible claims) of any of the parties set forth in the *Creditor Matrix* or as to any defenses (or possible defenses) thereto. Therefore, the listing does not and should not be deemed to constitute: (1) a waiver of any defense to any listed claims; (2) an acknowledgement of the allowability of any listed claims; and/or (3) a waiver of any other right or legal position of the Debtors.

---

[1] The last four digits of the Debtor's Federal Tax I.D. Number are (7563). The Debtor's mailing address is Variant Holding Company, LLC, c/o Development Specialists, Inc., 333 S. Grand Ave., Suite 4070, Los Angeles, CA 90071-1544.

DOCS_LA:291763.5 89703/001

Fill in this information to identify the case:

Debtor name __Houston 14 Apartments, LLC__

United States Bankruptcy Court for the: DISTRICT OF DELAWARE

Case number (if known) _____

☐ Check if this is an
amended filing

## Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended Schedule
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■ Other document that requires a declaration    CERTIFICATION CONCERNING CREDITOR MATRIX

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  1/12/16      x _____
                              Signature of individual signing on behalf of debtor

                              __Bradley D. Sharp__
                              Printed name

                              __Chief Restructuring Officer__
                              Position or relationship to debtor

Official Form 202                     Declaration Under Penalty of Perjury for Non-Individual Debtors

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| HOUSTON 14 APARTMENTS, LLC[1] | ) Case No. 15-_____(___) |
| Debtor. | ) |
| | ) (Joint Administration Requested) |
| | ) |

### CORPORATE OWNERSHIP STATEMENT PURSUANT TO RULES 1007 AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE

In accordance with Rules 1007 and 7007.1 of the Federal Rules of Bankruptcy Procedure, the Debtors submit the following information:

☒ The following entity directly or indirectly owns 10% or more of any class of the above-captioned Debtor's equity interests:

> Name: Laser Focus Commercial Investments, LLC
> Address: c/o Development Specialists, Inc.
> 333 S. Grand Avenue, Suite 4070
> Los Angeles, CA 90071-1544

☐ (Additional names are attached hereto)

☐ There are no entities that directly or indirectly own 10% or more of any class of the Debtor's equity interest.

---

[1] The last four digits of the Debtor's Federal Tax I.D. Number are (7563). The Debtor's mailing address is Variant Holding Company, LLC, c/o Development Specialists, Inc., 333 S. Grand Ave., Suite 4070, Los Angeles, CA 90071-1544.

DOCS_LA:291763.5 89703/001

**Fill in this information to identify the case:**

Debtor name   **Houston 14 Apartments, LLC**

United States Bankruptcy Court for the:   DISTRICT OF DELAWARE

Case number (if known)

☐ Check if this is an
   amended filing

Official Form 202
# Declaration Under Penalty of Perjury for Non-Individual Debtors    12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date.  Bankruptcy Rules 1008 and 9011.

**WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.**

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐ *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)
☐ *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)
☐ *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)
☐ *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)
☐ *Schedule H: Codebtors* (Official Form 206H)
☐ *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)
☐ Amended *Schedule*
☐ *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)
■ Other document that requires a declaration   **CORPORATE OWNERSHIP STATEMENT PURSUANT TO RULES 1007 AND 7007.1 OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE**

I declare under penalty of perjury that the foregoing is true and correct.

Executed on  1/12/16            x _____
                                 Signature of individual signing on behalf of debtor

                                 **Bradley D. Sharp**
                                 Printed name

                                 **Chief Restructuring Officer**
                                 Position or relationship to debtor

Official Form 202              Declaration Under Penalty of Perjury for Non-Individual Debtors